# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL CARMAN, | ) |
| Plaintiff, | ) Civil Action No. 13-1726 |
| | ) United States Magistrate Judge |
| v. | ) Cynthia Reed Eddy |
| AMBRIDGE BOROUGH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

For the reasons to follow, this case will be dismissed for failure to prosecute.[1]

Pro se prisoner, Paul Carman, filed a civil rights complaint in this Court on December 4, 2013. Motion for Leave to Proceed In Forma Pauperis, Complaint (attached to Motion as ECF No. 1-1, redocketed at ECF No. 5). The Complaint alleges that Plaintiff's Fourth, Eighth and Fourteenth Amendment rights were violated by Defendants Ambridge Borough, Mayor Richie D'Ambrosio, Ambridge Police Department, Chief James Mann and Police Officer Zadock Dismuke when he was purportedly subjected to an excessive use of force by Officer Dismuke during an arrest. Plaintiff also alleges a violation of the Universal Declaration of Human Rights and intentional infliction of emotional distress and conspiracy.

More specifically, Plaintiff alleges that he was arrested on October 4, 2013 and later charged with bank robbery. Complaint, (ECF No. 5), at ¶8. He contends he was chased by

---

[1] Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Consent of all parties to a case gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.,* 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." *In re Search of Scranton Hous. Auth.,* 487 F.Supp.2d at 535; *Roell,* 538 U.S. at 591 (consent may be inferred from parties' actions). All parties have filed election forms consenting to jurisdiction before a United States Magistrate Judge.

"Ambridge police officers" and was running "because of numerous threats by the defendants to plaintiff's safety and well being." *Id*., at ¶ 10. Plaintiff alleges Officer Dismuke instructed him to place his hands over his head and lay down on the ground or he would shoot him, and thereafter roughed him up in the process of making an arrest. *Id*., at ¶¶ 11-20.

The Complaint makes no specific factual allegations about what involvement Chief Mann or Mayor D'Ambrosio may have had personally, instead alleging they are responsible for the conduct and training of the police. Additionally, Plaintiff sets forth allegations regarding intimation and threats entirely unrelated to the incident at issue and lacking in specificity with regard to the identity of the individuals involved. *Id*., at ¶¶20-23.

Plaintiff claims he suffered severe pain in his rib area, is losing feeling in his left arm, and has pain in his left wrist from time to time. *Id*., at ¶ 25. Plaintiff demands a declaration that the alleged acts and omissions by the Defendants violated his rights under the Constitution and the Universal Declaration of Human Rights, a preliminary and permanent injunction ordering Defendants to pay for his pain and suffering and to be relieved of their job duties and charged criminally, pay all future hospital bills, compensatory damages in the amount of $250,000 against each Defendant, "jointly and severally," punitive damages against each Defendant for $250,000, a jury trial, costs, and any additional relief that this Court deems appropriate. *Id*., at ¶¶ 29-39.

On April 28, 2014, Defendants filed a Motion to Dismiss or for Summary Judgment (ECF No. 24) along with a Brief in Support (ECF No. 26) claiming that the complaint should be dismissed for failure to state a claim upon which relief may be granted or, alternatively, that summary judgment should be entered in their favor. In a thorough and comprehensive brief, Defendants offer compelling legal reasons why each of the claims against each of the Defendants

must be dismissed, including that none of the individual Defendants had any personal involvement in the alleged arrest and use of excessive force,[2] that the Complaint made no allegations that the Borough had an unconstitutional policy, custom or practice with regard to the use of excessive force that might expose it to civil rights liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), and that the Ambridge Police Department is not a proper entity for purposes of section 1983 liability. Brief in Support (ECF No. 26), at 5-11.

On April 29, 2012, the Court ordered Plaintiff to file a response to the dispositive motion on or before May 29, 2014. To date, Plaintiff did not comply with the Court's order, nor did he request an extension of time within which to do so. On July 24, 2014, the Court entered a Rule to Show Cause stating that "on or before July 8, 2014, Plaintiff shall show cause why this case should not be dismissed for failure to comply with the Court Order dated April 8, 2014, directing Plaintiff to respond to the motion to dismiss or for summary judgment. Failure to comply with this Order may result in dismissal of this action without further notice." Text-only Order to Show Cause, June 13, 2014. It is now July 23, 2014, and Plaintiff has not responded and has not otherwise communicated with the Court.

A plaintiff's failure to comply with court orders may constitute a failure to prosecute the action, rendering the action subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as adjudication on the merits.

---

[2] Plaintiff makes no averments about any conduct attributed to Chief Mann or the Mayor, and Officer Dismuke filed an affidavit stating that he was not physically present at the scene of Plaintiff's detention and arrest, did not take Plaintiff into custody, give verbal commands to him, display his weapon, handcuff him, place him in any police vehicle or transport him to the Ambridge Borough Police station. Plaintiff does not contradict these averments.

Fed. R. Civ. P. 41(b).

By its plain terms, a district court has the power to dismiss a claim of a plaintiff pursuant to Fed R. Civ. P. 41(b) on motion of a defendant, for failure to comply with an order of the court. A federal court also has the inherent authority to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Mindek v. Rigatti,* 964 F.2d 1369 (3d Cir. 1992) (dismissal was appropriate response to deliberate defiance of court orders where district court judge determined that no other sanction would adequately insure future compliance). *See also Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) ("authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Link* 370 U.S. at 630–31).

In determining whether to dismiss an action for failure to prosecute, the court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1994). These factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. *Poulis* does not, however, "provide a magic formula whereby the decision to dismiss or not

to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed" by the Court of Appeals for the Third Circuit. *Mindek*, 964 F.2d at 1373.

Rather, the decision is committed to the sound discretion of the trial court, *Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 230 (3d Cir. 1998), and a great deal of deference will be given the district court which is in the best position to weigh all of the *Poulis* factors and any other pertinent matters. *Mindek*, 964 F.2d at 1373 ("the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.").

Moreover, the Court of Appeals for the Third Circuit has recognized that "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. S*ee also Allen v. American Fed. of Gov't Emp.*, 317 Fed. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the *Poulis* factors when plaintiff failed to file an amended complaint as ordered by the court).

With the above principles as our guidepost, this Court will review the *Poulis* factors in this case, *seriatim*.

(1)     The extent of the party's personal responsibility. The court notes that the plaintiff is proceeding *pro se*. Hence, he bears sole responsibility for the failure to file any response to the dispositive motion to dismiss or for summary judgment and failure to move the Court for additional time or otherwise communicate with the Court.

(2) Prejudice to the adversary. Plaintiff's failure to respond to Defendants' compelling dispositive motion obviously prejudices defendants, who remain in limbo and must continue to endure the anxiety associated with this type of litigation. While the prejudice would not appear to be overwhelming, this factor weighs in Defendants' favor.

(3) History of dilatoriness. Other than his failure to respond to the dispositive motion and the Rule to Show Cause, there has not been much occasion for dilatoriness. Thus, this factor is not highly significant, although it is certainly some indication that Plaintiff has lost interest in his action.

(4) Whether the conduct of the party or the attorney was willful or in bad faith. In the absence of any communication from Plaintiff or response to the dispositive motion, it is not possible to determine if the failure to respond was willful or in bad faith. Thus, this factor is a neutral consideration.

(5) Effectiveness of sanctions other than dismissal. If Plaintiff has in fact lost interest in pursuing his case, which would appear to be the case, it seems there is little else to do. His civil action has been challenged by a compelling motion to dismiss or for summary judgment and brief in support, and yet he has not responded to this real threat of dismissal.

(6) Meritoriousness of the claim or defense. Plaintiff faces some major obstacles in his lawsuit, including that none of the individual Defendants had any personal involvement in the alleged arrest and use of excessive force, that the Complaint made no allegations that the Borough had an unconstitutional policy, custom or practice with regard to the use of excessive force that might expose it to civil rights liability under *Monell,* and that the Ambridge Police Department is not a separate entity for purposes of section 1983 liability.

At least four of the six *Poulis* factors weigh strongly in favor of dismissal and there are none that would favor additional delay. Accordingly, this action should and will be dismissed with prejudice for Plaintiff's failure to prosecute his claims. A separate Order will follow.

/s Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc:  
all counsel of record

Paul William Carman  
Allegheny County Jail  
950 Second Avenue  
Pittsburgh, PA 15219